IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Tyler Harwood,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-17-08064-PCT-SPL<br><br>**ORDER** |

  The Court has before it Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Court has also received Respondents' Answer (Doc. 8), and Petitioner's Reply. (Docs. 13, 14.) We also have before us Petitioner's Motion to Expedite (Doc. 15), the Report and Recommendation (R&R) of United States Magistrate Judge John Z. Boyle (Doc. 16), Petitioner's Objections (Doc. 18), Petitioner's Motion for an Evidentiary Hearing and Appointment of Counsel (Doc. 19), Respondents' Response to Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. 20), Respondents' Response to the Motion for an Evidentiary Hearing (Doc. 21) and the Petitioner's Reply to the Ongoing Misconduct of the State or Response to Objection to the Magistrate Judge's Recommendation (Doc. 24).

  The Petitioner argues in Ground One that his enhanced sentences were unconstitutional and illegal. (Doc. 1 at 6-10.) In Ground Two, Petitioner argues ineffective assistance of trial and appellate counsels. (*Id.* at 11-13.) The Petitioner, in Ground Three, questions whether the state committed misconduct. (*Id* at 14.) Lastly, the

Petitioner questions whether the trial judge abused his discretion for violating Cannons 1, 2 and 3 of the Arizona Code of Judicial Conduct. (*Id*. at 15.) Respondents argue Grounds One, Two and Three are meritless, warranting dismissal. (Doc. 8 at 9-15.) Respondents also argue that Ground Four should be dismissed with prejudice because the trial judge did not "make his own law," as alleged by the Petitioner. (*Id.* at 16-17.) Judge Boyle concluded Grounds One, Two and Three lacked merit and that Ground Four was a renewed claim brought under Count One. (Doc. 16 at 2-13.)

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

Petitioner has presented the same arguments that he initially made in his Petition for Writ of Habeas Corpus. (Doc. 1.) This Court has, nonetheless, undertaken an extensive review of the sufficiently developed record and the objections to the findings and recommendations in the very detailed R&R, without the need for an evidentiary hearing or appointing counsel for the Petitioner. After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Boyle. Specifically, the Court finds all four of Petitioner's claims lack merit.

Having carefully reviewed the record, the Petitioner has not shown that he is

entitled to habeas relief. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 16) is **accepted** and **adopted** by the Court;

2. That the Petitioner's Objections (Doc. 18) are **overruled**;

3. That Petitioner's Motion to Expedite the Petition (Doc. 15) is **denied;**

4. That Petitioner's Motions for Evidentiary Hearing and Appointment of Counsel (Doc. 19) are **denied**;

5. That the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

6. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

7. That the Clerk of Court shall **terminate** this action.

Dated this 22nd day of March, 2018

Honorable Steven P. Logan
United States District Judge